IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTERCO TRADING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-203-DWD |
| ) | |
| NAVIGATORS SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | Consolidated with |
| ) | |
| NATIONAL TRUST INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21-cv-914-DWD |
| vs. ) | |
| ) | |
| INTERCO TRADING COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court are motions to consolidate Case No. 21-cv-203-DWD with Case No. 21-cv-914-DWD. Both motions were filed by Interco Trading, Inc. ("Interco"). Interco operates a metal and electronics recycling facility in Madison, Illinois. On March 11, 2020, a fire caused damage to one of the buildings at Interco's facility. At the time of the fire, Interco had an environmental insurance policy from Navigators Specialty Insurance Company ("Navigators"). Interco made a claim on the policy to cover the costs of the environmental remediation required by the Illinois EPA. However, Navigators has

declined to pay a portion of Interco's alleged environmental remediation costs. Interco also had a commercial insurance policy from National Trust Insurance Company ("National Trust"). Interco made a claim on the policy based on the property and business income losses resulting from the fire. However, National Trust declined to pay the full amount demanded by Interco.

Both of these insurance disputes have made their way to this Court. In the first, Case No. 21-cv-203-DWD, Interco brings a breach-of-contract claim against Navigators for its alleged failure to pay the full amount owed to Interco under Navigators' policy. In the second, Case No. 21-cv-914-DWD, National Trust brings an action seeking a declaratory judgment regarding the amount it owes Interco under its policy.

Now before the Court are motions to consolidate these two cases. Under Federal Rule of Civil Procedure 42(a)(2), courts may consolidate actions that involve a common question of law or fact. "The purpose behind a Rule 42(a) consolidation is to promote judicial efficiency, but not if prejudice caused to any of the parties outweighs it." *McKnight v. Ill. Cent. R. Co.*, No. 9-cv-201-DRH, 2009 WL 1657581, at *1 (S.D. Ill. June 12, 2009). Courts should not consolidate cases that involve similar claims but different allegations and timeframes. *Lamon v. Stephens*, No. 14-cv-1051, 2015 WL 1344371, at *1 (S.D. Ill. Mar. 23, 2015).

The Court finds that these two cases involve common questions of law and fact and that consolidation would promote judicial efficiency. There is no concern of prejudice as all parties have consented to consolidation. For these reasons, the Court **GRANTS** the motions to consolidate Case No. 21-cv-203-DWD (Doc. 27) with Case No. 21-cv-914-DWD

(Doc. 10). All future filings shall bear the consolidated caption used in this Order and shall be filed only in Case No. 21-cv-203-DWD. The Court will strike any filings in Case No. 21-cv-914-DWD subsequent to this Order.

**SO ORDERED.**

Dated: October 7, 2021

                                                    DAVID W. DUGAN
                                                    United States District Judge